THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILL BINNS, MICHAEL SEIDLER, and CARLOS BARDNEY, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED MAINTENANCE CO., INC., <br><br> *Defendant*. | No. 20 C 4283 <br><br> Judge Virginia M. Kendall |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Will Binns, Michael Seidler, and Carlos Bardney filed an Amended Complaint for alleged discrimination they faced while employed at Defendant United Maintenance Co. ("UM"). Defendant filed a Motion to Dismiss arguing that Plaintiffs' claims should be dismissed for failing to provide proper notice, for deviating from the claims alleged in the EEOC Charge, and for improperly pleading certain claims. In the alternative, Defendant seeks to sever Plaintiffs' claims. For the reasons that follow, Defendant's Motion to Dismiss [Dkt. 28] is denied to the extent non-class allegations are alleged.

## BACKGROUND

The following factual allegations are taken from Plaintiffs' Amended Complaint (Dkt. 20) and are assumed true for the purposes of this motion. *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016).

Plaintiffs bring their claims against UM under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. alleging that they experienced unlawful discrimination on the basis of race while employed at UM. (Dkt. 20 ¶ 1). UM provides janitorial cleaning services for office buildings, theaters, sports facilities, hospitals, hotels, airports, and commercial kitchens. (*Id.* ¶ 12).

1

Defendant has a predominantly Hispanic workforce and many members of Defendant's workforce speak little or no English relying on the Spanish language to communicate at work. (*Id.* ¶ 1). Due to this, Defendant has developed a general practice of treating Hispanic and non-Black persons preferably over Black persons or persons that associate with Black persons, including currently employed Black persons seeking promotion or another position with Defendant. (*Id.*). Plaintiffs Binns, Seidler, and Bardney are or were employed by Defendant as janitors and are or were receiving pay or other beneficial conditions of employment lower than similarly or less-qualified non-Black persons or persons not known to associate with Black persons. (*Id.* ¶ 6). Binns is a Black man who is currently employed by UM and has worked in positions lower than non-Black employees and received less beneficial conditions of employment compared to non-Black employees due to his race. (*Id.* ¶ 8). He has been harassed and subjected to a hostile environment because he is a Black person. (*Id.*). Seidler is a Caucasian man who has had a long-term relationship with a Black woman and is currently employed by UM. (*Id.* ¶ 9). Seidler also alleges that he has worked in positions lower than non-Black employees and received less beneficial conditions of employment than non-Black employees because of his association with Black people. (*Id.*). He claims he has been harassed and subjected to a hostile environment because of his associations with Black persons and because he has advocated for the rights of Black people. (*Id.*). Bardney is a Black man who was employed by UM and was terminated from his employment with UM supposedly because he had violated UM's rule against wearing earphone devices, but in fact was not wearing an earphone device at the time so accused. (*Id.* ¶ 10). He was treated differently and unfairly and his employment was terminated because he is a Black person. (*Id.*).

Defendant's employment and termination of employment practices discriminates on the basis of race. (*Id.* ¶ 15). Defendant treats Plaintiffs differently than Hispanic and other non-Black

persons, because of their race or association with Black persons. (*Id.*). Defendant denies Black persons the opportunity accorded to equally or less qualified non-Black persons to handle supervisory assignments, thus limiting Black persons' acquisitions of professional contacts and recognition necessary for promotion prospects, outside job offers, and freelance and independent job potential. (*Id.* ¶ 16). Defendant's workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the Plaintiffs' employment and creates an abusive working environment. (*Id.* ¶ 17).

All Plaintiffs filed timely Charges of Discrimination with the Illinois Department of Human Rights, which are cross-filed with the Equal Employment Opportunity Commission, and which charge unlawful race discrimination by UM. (*Id.* ¶ 1).

## LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) challenges the sufficiency of the complaint. *Berger v. National Collegiate Athletic Association*, 843 F.3d 285, 289–90 (7th Cir. 2016). When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must construe the complaint "in a light most favorable to the nonmoving party, accept well-pleaded facts as true, and draw all inferences in the non-moving party's favor." *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016). The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must give the defendant fair notice of what the claim is and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). A party need not plead "detailed factual allegations," but "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A complaint must contain sufficient factual matter that when "accepted as true . . . 'state

3

a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

## DISCUSSION

Defendant moves to dismiss on several grounds. First, Defendant argues that the allegations in the Complaint are not within the scope of the underlying charges of discrimination filed with the EEOC. Second, Defendant argues the claims should be dismissed for failing to provide proper notice. Third, Defendant argues that the Complaint should be dismissed for pleading improper "pattern or practice claims." In the alternative, Defendant argues Plaintiffs' claims should be severed. For the foregoing reasons, Defendant's motion is denied.

### I.  Scope of the Underlying EEOC Charges

To state a claim under Title VII, a Plaintiff must only allege that "the employer instituted a (specific) adverse employment action against [him] on the basis of" his race. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008); *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 781 (7th Cir. 2007) (in emphasizing the simplicity required in pleading a racial discrimination claim, citing with approval an allegation that "I was turned down for a job because of my race" (quoting *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998))). Although this is a simple pleading standard, Defendant argues that Plaintiffs have failed to give proper notice and that their Amended Complaint deviates from the EEOC Charges.

### A.  Proper Notice

Defendants argue Plaintiffs have failed to give proper notice. It is true that, as laid out above, a Complaint must give the defendant fair notice of what the claim is and the grounds upon which it rests. *Erickson*, 551 U.S. at 93. However, as important here, a party need not plead "detailed factual allegations," but "labels and conclusions" or a "formulaic recitation of the

4

elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Defendant argues that Plaintiffs have not provided proper notice since at a minimum, a discrimination complaint must allege "the type of discrimination . . ., by whom . . ., and when. . . ." (Dkt. 29 at 9 (citing *Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010)).

First, *Swanson* does not require the level of detail the Defendant seeks. Defendants seek to require Plaintiffs to plead with particularity, which is more akin to the pleading standard of fraud. But such particularity is not required outside of the Rule 9(b) context. Even in *Swanson* the Court found the pleading standard met where the plaintiff alleged her discrimination claims generally. The Court found plaintiff's "complaint identifies the type of discrimination that she thinks occurs (racial), by whom (Citibank, through Skertich, the manager, and the outside appraisers it used), and when (in connection with her effort in early 2009 to obtain a home-equity loan). This is all that she needed to put in the complaint." *Id*.

Plaintiffs' Amended Complaint is likewise sufficient. Plaintiffs' Amended Complaint alleges the type of discrimination they think occurs (racial), by whom (UM and their managers), and when (during their employment). Even if this were insufficient, Plaintiffs have incorporated and attached their EEOC Charges (*see* Dkt. 20 ¶ 3), which provide more specific details on the type of discrimination, by whom, and when. (*See* Dkt. 20-1; Dkt. 20-2; Dkt. 20-3). Other cases have reaffirmed what a broad standard this is in the Title VII context. *See Concentra Health Servs., Inc.*, 496 F.3d at 781 (discussing the simplicity required in pleading a racial discrimination claim). Defendants' Motion to Dismiss based on improper notice is denied.

### B. The Allegations in the Complaint and the EEOC Charges

Defendant cherry-picks statements from the underlying charges and the Amended Complaint arguing that the allegations are so vastly different between the two that the Amended

5

Complaint should be dismissed. Such an argument is unavailing because the allegations are of the same type even if they contain slightly different language than that used in the charges. The Seventh Circuit has "long held that an employment-discrimination plaintiff can include in her court complaint allegations of discrimination that are 'like or reasonably related to' the allegations in her EEOC Charge, which typically means the new claims must describe the same conduct and implicate the same individuals as those in the charge." *Ford v. Marion Cty Sheriff's Office*, 942 F.3d 839, 858 n.11 (7th Cir. 2019).

There are few disparities between the Amended Complaint and the EEOC charges. In fact, if anything, the EEOC charges are more detailed. Plaintiffs allege in their Amended Complaint that they were discriminated against on the basis of race or associating with Black persons which is exactly what was alleged in the EEOC charges, although the charges provide more specific details Merely because the charges are more detailed than the Amended Complaint is an insufficient reason for dismissing the Amended Complaint. The EEOC charges describe the same conduct, race-based discrimination, and implicate the same individuals, Plaintiffs and their supervisors. All of disparities that Defendants cite merely affirm that they were on notice of the alleged conduct and claims of discrimination.

Defendant cites to *Cheek v. Western & Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) for the proposition that "allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would frustrate the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge." *Cheek* provides the following test to determine whether the EEOC charge encompasses the claims in a complaint: (1) whether there is a reasonable relationship between the allegations in the charge and the claims in the complaint; and (2) whether the claim in the complaint can reasonably be expected to grow out of an EEOC

6

investigation of the allegations in the charge. *Id.* Here, where the EEOC charges and the Amended Complaint allege discrimination based on race there is certainly a relationship. The fact that the instances alleged in the Amended Complaint occurred based on the EEOC investigation shows that even using the *Cheek* test, the Amended Complaint survives.

## II. Pattern or Practice Claims

Defendant next claim that Plaintiffs' claims are improper pattern or practice claims that they have alleged to skirt the Fed. R. Civ. P. 23 requirements. Plaintiffs previously filed their Complaint as a class action complaint (Dkt. 1) and then re-filed their Amended Complaint with individual claims. However, there remain pattern and practice claims that are not individualized to the Plaintiffs contained in the Amended Complaint. For example, Plaintiffs allege that "Defendant UM maintains a general practice of discrimination that negatively affects the working environment of Plaintiffs and the privileges of their employment through its employment and termination of employment practices, on the basis of race." (Dkt. 20 ¶ 15). Additionally, Plaintiffs claim that "Defendant also denies Black persons the opportunity accorded to equally or less qualified non-Black persons to handle supervisory assignments, thus limiting Black persons' acquisitions of professional contacts and recognition necessary for promotion prospects, outside job offers, and freelance and independent job potential." (*Id.* ¶ 16). Finally, Plaintiffs allege that "Defendant's workplace is permeated with 'discriminatory intimidation, ridicule, and insult,' that is 'sufficiently severe or pervasive to alter the conditions of the Plaintiffs' employment and creates an abusive working environment.'" (*Id.* ¶ 17).

To the extent that Plaintiffs pattern and practice claims differ from the claims brought in their EEOC charges, they are dismissed. The pattern and practice claims are not "like or reasonably related to" the allegations in their EEOC charges and so are impermissible. *Ford*, 942

7

F.3d at 858 n.11. Plaintiffs may bring their individual claims that align with the EEOC charges, but not general allegations pertaining to a non-present class.

### III. Severability of Plaintiffs' Claims

Defendant finally argues that Plaintiffs' claims should be severed under Fed. R. Civ. P. 21 because their claims do not meet the requirements of Rule 20(a)(1). Under Rule 20(a) of the Federal Rules of Civil Procedure, plaintiffs may join claims in one lawsuit if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action. Fed. R. Civ. P. 20(a). As Defendant points out, some considerations of whether to sever include: "the time period during which the alleged acts occurred, whether the acts of discrimination are related, whether there were differing types of adverse employment actions, whether more than one type of discrimination is alleged, whether the same supervisors were involved, whether employees worked in the same department, whether employees were at different geographical locations, and whether a company-wide policy is alleged." *Bozek v. Wal-Mart Stores, Inc.*, No. 15-CV-10, 2015 WL 3818984, at *2 (N.D. Ill. June 17, 2015) (internal citations omitted). Courts have generally deemed "all logically related events" to comprise a single transaction or occurrence under Fed. R. Civ. P. 20(a). *See e.g. Benitez v. American Standard Circuits, Inc.*, 678 F.Supp.2d 745, 769 (N.D. Ill. 2010); *Bloomquist v. ZLB Behring, LLC*, No. 06 C 6738, 2007 WL 2903181, at *2, (N.D. Ill. Sept. 28, 2007).

Under these considerations, Plaintiffs claims need not be severed. Plaintiffs work the same jobs, allege the same type of discrimination, work in Chicago, allege the same adverse employment actions (although Bardney alleges termination as well), worked during the same general time period, and allege there was a broader policy of race-based discrimination. Defendant, who earlier

8

argues it did not receive sufficient notice, is able to parse the Amended Complaint and EEOC Charges for details which it claims give rise to such differences between the Plaintiffs that it believes the claims should be severed. Despite the general differences, however, this is not a case like *Bozek* where the Plaintiffs attempted to bring a class action but worked during different time periods, at different store locations, with different salaries and with different supervisors. *Id.* at *3. Where plaintiffs' claims derive from the same type of alleged action by the same employee in the same facility, courts have found severance inappropriate. *See Benitez*, 678 F.Supp.2d at 769 (collecting cases). For these reasons, Defendant's Motion for Severance is denied.

## CONCLUSION

Plaintiffs have adequately pleaded a claim of race discrimination under Title VII. For this reason, Defendant's Motion to Dismiss [Dkt. 29] is denied. Any remaining general pattern and practice allegations are dismissed. Because Plaintiffs' claims meet the requirements of Rule 20(a), Defendant's alternative Motion to Sever is denied.

                                                                    _____
                                                                    Virginia M. Kendall
                                                                    United States District Judge

Date: January 19, 2021